UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>ALI KATUZIAN,<br><br>    Defendant. | CRIMINAL NO. 16-96-KKC-REW<br><br><br>OPINION & ORDER |

*** *** ***

This matter is before the Court on defendant Ali Katuzian's *pro se* motion to dismiss his indictment pursuant to Federal Rule of Criminal Procedure 6(f) and what he asserts was the "Government's Outrageous Misconduct (Fraud)." (DE 15). Katuzian alleges that his indictment was not signed by a foreperson and not returned to a magistrate judge in open court. (DE 15, at 2). As a result of these failures, Katuzian claims that the indictment is fraudulent and should be dismissed. Katuzian's motion will be **DENIED**.

This motion fails because it is procedurally defective. Katuzian filed the present *pro se* motion even though he is currently represented by appointed counsel, Jeffrey A. Darling. Because Katuzian is represented by counsel, the Court will not entertain his *pro se* motion.

It is well-established that criminal defendants have a Sixth Amendment right to proceed *pro se*. *See Faretta v. California*, 422 U.S. 806, 814–18 (1975); *see also* 28 U.S.C. § 1654 (giving parties the right to plead and conduct their own cases in federal courts).  But the Sixth Circuit has also made clear that a criminal defendant does not have a protected right to "hybrid representation." *United States v. Miller*, 561 Fed. Appx. 485, 488 (6th Cir. 2014) (citing *United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987)); *United States v. Green*, 388 F.3d 918, 922–23 (6th Cir. 2004). This means a defendant "has a constitutional right to be represented by counsel *or* to represent himself during his criminal proceedings, but not both." *Miller*, 561 Fed. Appx. at 488 (internal citations omitted) (emphasis in original). "The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one constitutes a correlative assertion of the other." *United*

1

*States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970) (internal citation omitted); *see Mosely*, 810 F.2d at 97–98. Further, the decision as to whether to allow "hybrid representation" is left to the discretion of the trial court. *Green*, 388 F.3d at 922 (citing *Mosely*, 810 F.2d at 98).

In exercising its discretion, a district court need not consider *pro se* motions filed by defendants represented by counsel. *See e.g., United States v. Dunn*, No. 08–20429, 2012 WL 1680969, at *1 n. 1 (W.D. Tenn. Mar.27, 2012) (report and recommendation) ("It is well-settled that a litigant who is represented by counsel has no constitutional right to demand that the Court also consider *pro se* arguments, pleadings, or motions."); *United States v. Degroat*, No. 97–20004, 2009 WL 891699, at *1 (E.D. Mich. Mar.31, 2009) (striking defendant's *pro se* motion, noting "now that Defendant is represented by counsel, all filings must be made by the attorney of record."); *United States v. Safiedine*, No. 06–20137, 2008 WL 324161 at *1 (E.D. Mich. Feb. 6. 2008). *See also Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain *pro se* motions filed by a represented party.") (citation omitted); *United States v. Gwiazdinski*, 141 F.3d 784, 787 (7th Cir. 1998) (no affirmative right to file *pro se* briefs when represented by counsel) (citation omitted); *McMeans v. Bigano*, 228 F.3d 674, 684 (6th Cir. 2000) (no right to submit a *pro se* brief on appeal when represented by counsel).

There is no reason to depart from this general rule here. Mr. Darling, as appointed counsel, represented Katuzian at Katuzian's initial appearance and arraignment (DE 7), and he most recently represented Katuzian at a pre-trial detention hearing on November 16, 2016. (DE 11). At present, Mr. Darling continues to represent Katuzian as appointed counsel. Moreover, Katuzian has never indicated his intention or desire to terminate the representation by Mr. Darling, *see United States v. Jones*, 489 F.3d 243, 248–49 (6th Cir .2007) (requiring a defendant to "clearly and unequivocally assert[] his right to proceed *pro se*"), nor has Mr. Darling filed a motion to withdrawal as counsel. Particularly with his criminal trial scheduled for January 23, 2017, the Court finds that allowing Katuzian to file a *pro se* motion will result in unnecessary confusion and will not promote the ends of justice. *See Miller*, 561 Fed. App'x at 488 (noting that hybrid representation is generally prohibited because it increases the risk of delay, confusion and conflicts in trial strategy).

Accordingly, for the reasons set forth above, Katuzian's *pro se* motion (DE 15) is **DENIED**. This Court will also strike any future *pro se* submissions that are filed in this action while Katuzian is represented by counsel.

**IT IS SO ORDERED**.

Dated January 12, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY